**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 3 2009

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IN RE: EUGENIA SUMMERS, DEBTOR                                    PLAINTIFF

CASE NO: 5:09-CV-0159 BSM

HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C                         DEFENDANT

## COMPLAINT

This case assigned to District Judge Miller
and to Magistrate Judge Young

### INTRODUCTION

1. This is an action for damages brought by an individual consumer, Eugenia Summers (hereinafter "Plaintiff"), for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), and for violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, et seq. Plaintiff seeks an award of actual and statutory damages and costs and attorney's fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. This court has supplemental jurisdiction to hear the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) and 15 U.S.C. §1692k. Plaintiff resides in this district, and defendant transacts business here.

### PARTIES

5. Plaintiff, Eugenia Summers, is a natural person residing in Jefferson County, Arkansas.

1

6.  Separate Defendant, Hosto, Buchan, Prater, & Lawrence P.L.L.C. (hereinafter "Hosto") is a law firm and limited liability company with a principal place of business at 701 West 7th St., Little Rock, AR. 72202.

7.  Hosto is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6) because it uses an instrumentality of interstate commerce or the mails and/or the telephone the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.  At all times material hereto, HSBC was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

9.  At all times material hereto, the debt incurred by Plaintiff to HSBC was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

10.  On or after November 9, 2006, Sears assigned a debt to Citibank, which was then assigned to LVNV Funding, LLC. LVNV Funding, LLC then entered into an agreement with Hosto who represented LVNV Funding, LLC in its efforts to collect on account number xxxx-xxxx-xxxx-5360 in the amount of $7,592.23

11.  On or about May 6, 2008, the Defendant filed a complaint in the Circuit Court of Jefferson County, Arkansas seeking payment of the above described debt in the amount of $7,592.23. Service of this complaint was made on Saturday, August 2, 2008, by personal service on Eugenia Summers.

12.  Attached to the complaint and summons served upon Plaintiff was an orange piece of paper bearing Hosto letterhead, with the following message:

PLEASE NOTE:

> You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer. When calling, please reference our file number, which is found on the top of Court papers.
>
> Thank you for your cooperation.
>
> This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.

A copy of this notice is annexed hereto as Exhibit "A" and incorporated herein.

13. The above described law suit was filed and served on the Plaintiff within one year of the date of this complaint.

14. Plaintiff has been damaged by Defendant in that she was led to believe that the suit was not as serious as it might seem, because she could call and not have to appear in Court or file an Answer to the Complaint.

15. Plaintiff has suffered great humiliation and confusion by the debt collection practices of the Defendant.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, § 15 U.S.C. 1692, et seq.
### BY HOSTO

16. Plaintiff repeats and re-alleges and incorporates by reference the paragraphs above.

17. Upon information and belief, Defendant Hosto has violated the F.D.C.P.A. Defendant's violations include, but are not limited to, the following:

   a. Separate Defendant Hosto violated §15 U.S.C. 1692(e) by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

b.  Separate Defendant Hosto specifically violated §15 U.S.C. 1692(e)(1) by attaching the offending orange piece of paper to the summons and complaint served on plaintiff thereby giving a false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

c.  Separate Defendant Hosto specifically violated §15 U.S.C. 1692(e)(9) by attaching the offending orange piece of paper to the summons and complaint served on plaintiff which constitutes the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any Court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

d.  Separate Defendant Hosto specifically violated §15 U.S.C. 1692(e)(15) in that the language contained on the orange piece of paper attached to the summons or complaint gives the false representation or implication that the documents are not legal process forms or do not require action by the consumer. The language contained on the orange piece of paper, specifically states that arranging to pay the debt may avoid the necessity of appearing in Court or filing an Answer.

18. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692, et seq.
### BY HOSTO

19.  Plaintiff repeats and re-alleges and incorporates by reference the paragraphs

above.

20. Section 1692e of the FDCPA prohibits a debt Collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. 1692(e) and § 1692 (e) (2) (A).

21. Upon information and belief, Defendant Hosto's attempt to collect the debt at issue herein by filing a complaint against the Plaintiff in the Circuit Court of Grant County, Arkansas, violates the FDCPA's prohibition against using any false, misleading or deceptive statements in the collection of a consumer debt, in violation of 15 U.S.C. § 1692e and § 1692e(2).

22. Upon information and belief, Defendant Hosto's attempt to collect the debt at issue herein by filing a complaint against the Plaintiff in the Circuit Court of Grant County, Arkansas, violates the FDCPA's prohibition against conduct the natural consequences of which is to harass, oppress, or abuse any person in the collection of a consumer debt, in violation of 15 U.S.C. § 1692d.

23. As a result of the above violations of the FDCPA, Defendant Hosto is liable to the plaintiff for statutory damages, actual damages, and costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT
### BY HOSTO

24. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

25. Upon information and belief, Defendant Hosto has violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, et seq. Defendant's violations of the state act, include, but are not limited to, the following:

a. Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade pursuant to Ark Code. Ann. §4-88-107(10)

b. Defendant is a law firm subject to the Arkansas Rules of Professional Conduct.

c. Defendant's actions are a violation of Rule 4.3 of the Arkansas Rules of Professional Conduct dealing with unrepresented persons. The language contained in the orange piece of paper gives legal advice to unrepresented persons by soliciting such persons to contact the defendant's law firm to arrange payment of the debt, thereby possibly avoiding the need to appear in court or file an answer. Rule 4.3 of the Arkansas Rules of Professional Conduct prohibits a lawyer from giving legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

d. Plaintiff, in this case, has an interest adverse to the interests of defendant's client.

e. Defendant's actions also constitute a violation of the Arkansas Deceptive Trade Practices Act because the actions are unconscionable and prohibited under the Arkansas Rules of Professional Conduct.

26. As a result of the above violations of the state Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages and reasonable attorney's fees.

27. Plaintiff demands a jury trial.

28. Plaintiff reserves the right to amend this pleading if other facts or claims come to light through discovery.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state Act.

B. Actual damages pursuant to both federal and state law claims.

C. Statutory damages pursuant to 15 U.S.C. §1692(k).

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k) and Ark Code Ann. §4-88-113(f).

E. For such other and further relief as may be just and proper.

Dated this _____ day of May, 2009.

            Respectfully submitted,

            BAIM, GUNTI, MOUSER, HAVNER & WORSHAM, PLLC

            By: _____
            /s/ Camille Edmison-Wilhelmi, Arkansas
            Bar #2007143
            Attorneys for Defendant, Eugenia Summers
            301 E. 6th Ave.
            Pine Bluff, AR 71601

## PLEASE NOTE

You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer. When calling, please reference our file number, which is found on the top of Court papers.

Thank you for your cooperation.

This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.

BUCHAN, PRATER, & LAWRENCE, PLLC
ATTORNEYS AT LAW

EXHIBIT A